UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDDIE A. MANTILLA, | Civil Action No. 24-7233 (SDW) (MAH) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| SOLED OUT JC LIMITED LIABILITY COMPANY, et al., | |
| Defendants. | |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court by way of *pro se* Plaintiff Eddie A. Mantilla's ("Mr. Mantilla") failure to respond to the Order to Show Cause dated March 25, 2025. Order to Show Cause, Mar. 25, 2025, D.E. 17. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned has considered this matter on the papers. For the reasons below, the Undersigned respectfully recommends that the District Court dismiss Mr. Mantilla's claims for his failure to appear for the pretrial scheduling conference and to respond to the March 25, 2025 Order to Show Cause.

## I. BACKGROUND

On June 24, 2024, Mr. Mantilla filed a *pro se* complaint alleging Defendant Soled Out JC Limited Liability Company ("Soled Out") infringed Mr. Mantilla's copyright for his "NJ Logo Snapback Photo." *See generally* Compl., June 24, 2024, D.E. 1. Plaintiff also brought claims against Soled Out for conversion and unjust enrichment. *Id.* Mr. Mantilla filed an Amended Complaint on October 18, 2024, adding claims for trademark infringement, unfair competition, and false designation of origin. Am. Compl., Oct. 18, 2024, D.E. 9, Counts 2-4. Soled Out filed an answer on January 3, 2025. Answer, D.E. 12.

On February 10, 2025, the Undersigned scheduled a Rule 16 scheduling conference to be held by telephone on March 3, 2025.  *See* Order, Feb. 10, 2025, D.E. 13.  On February, 2025, the Court transmitted this Order to Mr. Mantilla via first-class and certified mail.[1]  The conference subsequently was converted to a virtual conference to be held via Teams.  *See* Order, Feb. 10, 2025, D.E. 15.  All parties were provided with the link on February 28, 2025.  On March 3, 2025, Defense Counsel appeared for the conference.  However, Mr. Mantilla failed to appear for the March 3, 2025 Rule 16 conference.  *See* Order, Mar. 3, 2025, D.E. 24.  Nor did he participate in preparing and filing the proposed joint discovery plan.  Joint Discovery Plan, D.E. 23, at 3.  Due to Mr. Mantilla's failure to appear, the conference was rescheduled for March 25, 2025.  *Id.*

On February 28, 2025, MLB advanced Media, L.P. and Major League Baseball Properties Inc. ("MLB Parties") filed a motion to intervene pursuant to Federal Rule of Civil Procedure 24.  Mot. to Intervene, D.E. 17.  The MLB Parties argued that it would be appropriate to intervene to protect their intellectual property rights, "including in the distinctive trademarked 'interlocking NY' logo of the New York Yankees baseball club." *Id.* at 1.  In particular, the MLB Parties sought to file a complaint in intervention against both Mr. Mantilla and Soled Out because they were both offering and selling merchandise with an interlocking "N" and "J" meant to "copycat the Yankees' famous 'interlocking NY' logo."[2]  *Id.* at 1-2.

---

[1] The physical copy of the notice mailed to Mr. Mantilla regarding the March 3, 2025 conference was returned to the Court as undeliverable as it appeared to have the wrong mailing address.  *See* Mail Returned as Undeliverable, entered March 26, 2025, D.E. 31.  In any event, on February 26, 2025, the Undersigned's courtroom deputy reached Mr. Mantilla by telephone to provide him with the link for the March 3, 2025 conference.

[2] The MLB Parties filed their Complaint on March 26, 2025.  Intervenor Compl., D.E. 30.  On April 21, 2025, the MLB Parties requested entry of default against Mr. Mantilla for his failure to respond to their Complaint, which the Clerk of the Court granted on April 25, 2025.  Req. for Clerk's Entry of Default, D.E. 43.

The Court held the Rule 16 conference on March 25, 2025, during which counsel for Soled Out and the MLB Parties appeared. However, Mr. Mantilla did not appear for the conference. During the conference, the Court granted the MLB Parties' motion to intervene and directed them to file their Intervenor Complaint. Order, D.E. 28. Because Mr. Mantilla failed to appear for the conference, the Court issued an Order to Show Cause, directing Mr. Mantilla to show cause in writing by April 4, 2025, why the Court should not dismiss this matter pursuant to Federal Rules of Civil Procedure 16(f), 37, and 41. Order to Show Cause, Mar. 25, 2025, D.E. 29. The Undersigned further advised Plaintiff that "failure to respond to this Order may result in the issuance of a Report and Recommendation that the District Court dismiss the matter with prejudice for failure to comply with Court orders and failure to prosecute it." *Id.* Mr. Mantilla did not respond to the Court's Order. To ensure Mr. Mantilla received the Order to Show Cause, on April 7, 2025, the Court entered an Order directing the MLB Parties to serve a copy of the Order to Show Cause on Mr. Mantilla and file proof of service with the Court. Order, D.E. 35. The Court extended the deadline for Mr. Mantilla to show cause to April 11, 2025. *Id.* On April 8, 2025, the MLB Parties filed proof of service of the Order to Show Cause on Mr. Mantilla. Cert. of Service, D.E. 39. Mr. Mantilla did not respond.

## II. DISCUSSION

### A. Standards for Dismiss under Federal Rule of Civil Procedure 41(b)

Dismissal of a complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth six factors to be considered prior to dismissing a complaint pursuant to Rule 41(b): (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claims or defenses. *Id.* at 868. No single factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *See Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019).

**B.     Analysis**

The Third Circuit has further held that "[w]hen a litigant's conduct makes adjudication of the case impossible . . . such balancing under *Poulis* is unnecessary." *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007). In this case, Mr. Mantilla's failure to comply with Court Orders or to communicate to the Court his intention to proceed against Defendant since at least March 3, 2025, has essentially brought this matter to a standstill. Out of an abundance of caution, the Undersigned nonetheless considers the *Poulis* factors.

**i.     The extent of the party's personal responsibility**

In the instant case, Mr. Mantilla's failure to comply with court rules and Court Orders appears to be solely his own doing. The record reflects that Mr. Mantilla has failed to take the basic action necessary to litigate this matter such as participating in preparing the parties' proposed joint discovery plan and appearing for scheduled conferences with the Court to set a discovery schedule. Mr. Mantilla failed to respond to the Court's Order to Show Cause issued on March 25, 2025. Mr. Mantilla also neglected to contact the Court to explain his failure to comply or to seek more time to do so. As a result, this case has been brought to a virtual standstill with no indication that Mr. Mantilla intends to prosecute his claims. Accordingly, the

4

Undersigned can conclude only that Mr. Mantilla does not intend to further litigate this matter and has willfully chosen to abandon this suit. Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### ii. Prejudice to the Adversary

The Court must next consider whether Mr. Mantilla's failure to prosecute this litigation has prejudiced Defendant. Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial. *Clarke v Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005) (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that plaintiff's delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*, Civ. No. 10-2629, 2011 WL 2038742, at *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims). Although the Court is mindful of Mr. Mantilla's *pro se* status, it cannot allow this case to sit indefinitely and without any indication that Mr. Mantilla intends to litigate it. *See Palmer v. Rustin*, No. 10-42, 2011 WL 5101774, at *2 (W.D. Pa. Oct. 25, 2011) ("The prejudice that will be suffered by Defendants by allowing this case to linger for an indefinite period of time due to Plaintiff's failure to prosecute, without any mechanism for serving motions or orders on Plaintiff, is obvious."). Indeed, Defendant has already been required to expend its time and resources appearing and preparing for a conference at which Mr. Mantilla never appeared. Here, Mr. Mantilla's effective abandonment of this case leaves Defendant with no means to defend itself against Mr. Mantilla's claims. This case is nearly a year old, and has been brought to a virtual standstill due to Mr. Mantilla's failure to participate in this matter. Accordingly, this *Poulis* factor favors dismissal of Mr. Mantilla's claims.

### iii. History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether he has acted in bad faith. The Third Circuit has emphasized:

> Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history . . . of ignoring these time limits is intolerable.

*Poulis*, 747 F.2d at 868. Clearly, since approximately March 3, 2025, Plaintiff has, by all appearances, abandoned prosecution of this matter. Since that time, Plaintiff has failed to: (1) participate in preparing the parties' joint discovery plan; (2) appear for the scheduling conference set for March 3, 2025; (3) request an adjournment of the conference; 4. appear for the March 25, 2025 scheduling conference; (4) request an adjournment of that conference; (5) respond to the Undersigned's March 25, 2025 Order to Show Cause; (6) request an adjournment of the deadline to do so; or (7) respond to the MLB Parties' Complaint. Accordingly, the third *Poulis* factor favors dismissal.

As to the fourth factor, based on the record before it, the Court cannot attribute the non-compliance or failure to provide a proper address to bad faith.

### iv. Alternative Sanctions

The point of alternative sanctions is to honor the tradition of adjudicating cases on the merits. *See Hildebrand*, 923 F.3d at 136. "[A]lternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." *Id.* This factor also favors dismissal, for several reasons. First, Mr. Mantilla's failure to comply with the Court's orders or explain his inability to do so strongly suggests that Mr. Mantilla has abandoned his claims. *Porten*, 2011 WL 2038742, *3. Second, the Third Circuit has recognized that monetary

sanctions such as fines, costs, and attorneys' fees may be inappropriate or impractical in certain situations, such as when plaintiff is proceeding *pro se*. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).

### v. Meritoriousness of the Claim or Defense

Finally, the Court must consider the merits of Mr. Mantilla's claims and Defendant's defenses. However, Mr. Mantilla's failure to respond to this Court's Orders, or otherwise communicate with the Court or Defense Counsel, renders any such analysis impossible. Therefore, this fact is at best neutral, in that the Court is not in a position to assess the merits of Mr. Mantilla's claims. The Third Circuit has repeatedly held that district courts must balance the *Poulis* factors and that every factor need not weigh in favor of dismissal. *Hildebrand*, 923 F.3d at 132. Because the Undersigned has found that the majority of the *Poulis* factors weigh in favor of dismissal, the Undersigned is satisfied that dismissal is the appropriate remedy.

## III. CONCLUSION

On balance, each of the pertinent *Poulis* factors weighs in favor of dismissal. Therefore, the Undersigned respectfully recommends that the District Court dismiss Plaintiff Mantilla's claims with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Civil Rule 72.1(c)(2).

*/s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

**Date: April 30, 2025**